UNITED STATES of America,
Plaintiff,

v.

James A. BENJAMIN, Defendant.

Civ. A. No. 2237.

United States District Court
S. D. Alabama, S. D.
June 10, 1960.

George E. McNally, Asst. U. S. Atty., Mobile, Ala., for plaintiff.

James A. Benjamin, pro se.

DANIEL HOLCOMBE THOMAS, District Judge.

This is an action by the United States of America to recover sums allegedly erroneously paid by the Department of the Navy to James A. Benjamin, Lt. (jg), upon a claim for reimbursement of dependents' travel in 1952.

The cause came on for trial without a jury; and the Court, having heard the evidence and having considered the submitted briefs of the parties, now, after due deliberation, makes the following findings of fact and conclusions of law:

### Findings of Fact

By an order dated September 17, 1951, the defendant, James A. Benjamin, Lt. (jg), was ordered from an inactive reserve status in Mobile, Alabama, to active duty aboard the USS Bataan, United States Navy. Pursuant to this order, Benjamin reported on January 12, 1952, to Headquarters, 12th Naval District, San Francisco, California, the home port of the USS Bataan being San Diego, California. This assignment was of a permanent nature.

Sometime prior to September 21, 1952, the defendant received verbal information that there was a possibility he would be transferred from duty aboard the USS Bataan to duty in Gulfport, Mississippi. He had received no official orders at that time to confirm this information.

On September 21, 1952, Benjamin's dependents closed the family home in Mobile, Alabama, and proceeded by automobile to join him at Long Beach, California, the port where the Bataan was currently berthed. The dependents arrived at that location on September 26, 1952; and on that same date, Benjamin executed a certificate to the Department of the Navy, claiming reimbursement for this travel of his dependents. The Department found the claim to be in order, and, upon approval, paid the defendant the sum of $192.24. This travel was made incident to Benjamin's original orders dated September 17, 1951.

The defendant procured living quarters for his family at a motel located at Long Beach. The accommodations at this motel were in the nature of an efficiency apartment. The family remained at this apartment for a few weeks; and when the USS Bataan moved its mooring berth to Coronado, California, they moved to another efficiency apartment in that area.

Benjamin received orders on October 16, 1952, changing his duty station to Gulfport, Mississippi. On that date, the defendant, together with his dependents, departed from Coronado by automobile for the new duty station. On November 3, 1952, the defendant executed a second certificate claiming reimbursement for travel of his dependents to Gulfport. This certificate was approved and the defendant was paid the sum of $195.39 for this travel.

At the times the defendant filed his claims for reimbursement, the Department of the Navy checked the claims and found them to be in order for payment. There is no question here but what the defendant acted in good faith in submitting his claims for reimbursement. There is no indication, nor is there any assertion to the effect, that the claims were made with an intent to defraud the Government.

The Government seeks to recover by this action the sum of $387.63 plus interest from 1952, said amount being the sum total paid to the defendant for the dependent travel outlined above.

## Discussion

It is the Government's contention that Benjamin, at the time he permitted his family to travel to California, had knowledge that his duty station would be changed, and therefore the payments were not made incident to an authorized permanent change of duty station. The Government takes the position that the travel was for purposes of visiting the defendant, and was not pursuant to an authorized change of or original designation of duty station as set forth in 37 U.S.C.A. § 253(c), section 303(c) of the Career Compensation Act of 1949.

The defendant does not deny that he had received verbal information to the effect that he might possibly be transferred; but he contends that he had received no concrete orders to substantiate the veracity of the information. He also states that it was his intention to bring his family to California to live with him as long as that locale remained his permanent duty station. He further argues that the orders which he did receive designating a new duty station did not become effective until the date of delivery, which was some time subsequent to the date his family arrived in California.

The issue presented for determination in this case is whether or not under the Career Compensation Act of 1949, 63 Stat. 814, 37 U.S.C.A. § 253(c), the defendant was entitled to reimbursement of dependent travel expenses on the basis of the facts as presented herein. I am of the opinion that the question should be answered in the affirmative.

Section 303(c) of the Career Compensation Act provides:

"(c) In addition to the allowance * * * above, under such conditions and limitations and for such ranks, grades, or ratings and to and from such locations as may be prescribed by the Secretaries concerned, members of the uniformed services when ordered to make a change of permanent station shall be entitled to transportation in kind for dependents or to reimbursement therefor,

or to a monetary allowance in lieu of such transportation in kind at a rate to be prescribed * * *, and in connection with a change of station (whether temporary or permanent) * * *."

Thus, it is quite clear that when those members of the uniformed services who have been designated by the Secretaries concerned, are ordered to make a change of permanent station, they are entitled to be reimbursed for the travel of their dependents in connection with said change of duty station or original orders to active duty.

The Government has called the Court's attention to numerous decisions of the Comptroller General wherein travel reimbursement was denied because the travel was not performed incident to orders to an original duty station or a change of duty station of the particular serviceman concerned. Each of those decisions was reached upon its own factual situation and none of them is directly in point with the case now before the Court. The opinions summarily express the view that the Career Compensation Act was not designed to permit travel allowances for visits of dependents of service personnel, or for reimbursement where there has been no authorized travel pursuant to a permanent or temporary duty station. I think the law is quite clear on these points; however, here the Government has not shown that the defendant's claim for reimbursement was not based upon travel incident to an original duty assignment or change of station. I think, too, the fact that military orders are often subject to cancellation and alteration is an important consideration in cases of this nature. It is even more important when the "orders" take the form of oral hearsay information, which, as every present or former military man knows, can be completely unreliable.

The facts that (1) the defendant possessed only verbal information as to a probable change of station at the time the travel was consummated, (2) the dependents procured quarters of a permanent nature upon their arrival in California, and (3) the orders transferring the defendant to Mississippi were subject to cancellation or alteration at any time prior to their effective date, lead to the conclusion that the Government has failed to prove the funds paid out were not paid pursuant to a permanent change of station as prescribed in the Career Compensation Act.

### Conclusions of Law

The Court has jurisdiction of the parties and subject-matter now before it. 28 U.S.C.A. § 1345.

█ Where the Government seeks recovery of funds allegedly erroneously paid under the Career Compensation Act of 1949, 63 Stat. 814, 37 U.S.C.A. § 253(c), it must bear the burden of proving that the travel for which the funds were expended was not made pursuant to orders of a change of permanent duty station or original orders to active duty of the serviceman to whom such sums were paid. The Court finds that the Government has not met this burden in the instant case.

Cases of this nature must turn upon their own facts, and I am of the opinion that the facts of the instant case do not warrant a finding that the travel involved was not incident to the original orders directing the defendant to report for active duty.

The Government having failed to prove the funds were erroneously paid, and the facts failing to reveal that the travel of defendant's dependents was for any other purpose than that of establishing a residence at the defendant's permanent station, the Court is of the opinion that the defendant is entitled to judgment herein.

An order will be entered in favor of the defendant, and no costs will be taxed.